UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID ROBERT PAPERA,  No. 09-11651

                      Debtor(s).
_____/

MICHAEL OHAYON,

                      Plaintiff(s),

      v.  A.P. No. 09-1111

DAVID ROBERT PAPERA,

                      Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      The first amended complaint in this adversary proceeding, filed by plaintiff Michael Ohayon *pro se*, may contain the kernel of a proper dischargeability complaint. However, there is so much extraneous material that the court must require a second amended complaint in order to avoid a nightmare trial.

      Defendant David Papera argues that the court should dismiss the complaint because Ohayon has no standing. The case certainly must be dismissed if Ohayon's claims arose before his bankruptcy and have never been exempted or abandoned. However, that is a matter outside the four corners of the complaint and must be the subject of a motion for summary judgment.

      The original complaint alleged only that Ohayon's claims were nondischargeable pursuant to §

1

523(a). There being no objections to discharge, the discharge has been duly entered. After entry of the discharge, Ohayon filed his amended complaint alleging grounds for denial of discharge pursuant to § 727. Ohayon now says he does not seek denial of the discharge, but merely makes the new allegations to establish that his claim is nondischargeable. This is nonsense. The only grounds for establishing a nondischargeable debt are contained in § 523. Ohayon cannot establish that his claim is nondischargeable by proving that Papera would not have received a discharge if there had been a timely request for one. See *In re Magno,* 216 B.R. 34, 42 (9th Cir. BAP 1997).

State law concepts of fiduciary duty are entirely irrelevant to nondischargeability; there must be an express trust. If there is no express trust, nondischargeability cannot be based on § 523(a)(4). See *In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir. 2003); *In re Niles*, 106 F.3d 1456, 1463 (9th Cir. 1997).

Section 523(a)(19) buy its own terms applies only to violation of securities laws or the sale of a security. It does not apply to other types of settlements.

For the foregoing reasons, the first amended complaint will be dismissed, with leave to amend one last time. The second amended complaint shall be filed within 20 days of the date of this memorandum. It may not refer to § 727 of the Bankruptcy Code in any way. It may not allege breach of a fiduciary duty unless it also alleges the existence of an express trust. It may not pray that a debt is nondischargeable pursuant to § 523(a)(19) without alleging that it arises out of the sale of a security. Ohayon is cautioned that he may not make any allegation without a reasonable basis for it and a good faith belief that it is true.

Counsel for Papera shall submit an appropriate form of order.

Dated: January 14, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: January 14, 2010     By : _____Katie Andersen_____
                                     Katie Andersen
                                     Deputy Clerk

Michael Ohayon
369 Santa Ana Avenue
San Francisco, CA 94127