UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID ROBERT PAPERA,                        No. 09-11651

                       Debtor(s).
_____/

MICHAEL OHAYON,

                       Plaintiff(s),

                   v.                                 A.P. No. 09-1111

DAVID ROBERT PAPERA,

                       Defendant(s).
_____/

Memorandum on Motion to Dismiss Second Amended Complaint
_____

       Several difficult issues are raised by this adversary proceeding, including an intervening settlement in state court which may or may not have effected a novation. The court is concerned that much of plaintiff's case is based on the fact that defendant Papera thereafter filed a bankruptcy. The court can only warn plaintiff that the law does not permit the court to base a finding of nondischargeability on breach of a promise not to file bankruptcy and the court cannot and will not act

1

as plaintiff's counsel in this matter.

Defendant has move to dismiss the second amended complaint based on three grounds: That plaintiff has no standing, that the "counts" added in the amended complaint do not relate back to the timely filed original, and that two "counts" are "unfounded." The court will not decide the first issue now, as it goes beyond the four corners of the complaint. Since the added "counts" arise out of the same facts as the original complaint, they relate back pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure..

The added count of willful and malicious injury pursuant to § 523(a)(6) of the Bankruptcy Code is almost certainly "unfounded," since that section addresses intentional torts and may not be the basis for a nondischargeable judgment based on fraud, as the more specific provisions of § 523(a)(2) govern fraud cases. However, the test for dismissal is not whether each legal theory put forth by the plaintiff has merit, but whether any facts alleged in the complaint might result in some relief.

There is one allegation in the complaint that might result in relief. Paragraph 6 reads:

> Ohayon and Papera were engaged in a number of real estate business opportunities together from 2002 to 2005. During the course of the relationship, Papera used his influence to borrow from the businesses, encumber the assets of the businesses, and otherwise harm Ohayon.

If that allegation is true, and if defendant does not have a defense based on the settlement agreement, then plaintiff might be entitled to a nondischargeable judgment pursuant to § 523(a)(4). *In re Short,* 818 F.2d 693, 695 (9th Cir. 1987). That possibility is all that is required to defeat a motion to dismiss. Once it is established that relief is possible, dismissal is not appropriate. 27A **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:461.

Just as the futile mention of § 523(a)(6) does nothing to enhance the complaint, the failure to mention § 523(a)(4) is in no way fatal to the complaint. It merely demonstrates that plaintiff does not understand what arguments he has which might result in a judgment, as opposed to those which are futile and contrary to law. That does not bode well for him at trial.

The complaint alleges facts which might result in relief. Accordingly, the motion to dismiss

2

will be denied and defendant will be directed to file an answer within 20 days. Plaintiff shall submit an appropriate form of order.

Dated: April 4, 2010

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3

**CERTIFICATE OF MAILING**

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: April 5, 2010　　　　　　　　　　　　By :　　　Katie Andersen　
　　　　　　　　　　　　　　　　　　　　　　　　　　　Katie Andersen
　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

Michael Ohayon
369 Santa Ana Avenue
San Francisco, CA 94127